JOHN W. KNIGHT et als. *vs.* MOXLEY BLUMENBURG.

Cumberland.   Opinion October 13, 1913.

*Assignment.  Assumpsit.  Consideration.  Lease.  Money Had and Received.*
*Rent.  Statute of Frauds.*

An action of assumpsit on an account annexed for rent under lease from
Waterville Motor Company to plaintiffs and assigned by plaintiffs to the
defendant, with an oral agreement on the part of defendant to pay said
rent to said Motor Company, which he did not do, and plaintiffs paid same.
The defense is the Statute of Frauds.

*Held:*

That the transfer of the premises by the assignment of the lease was a com-
pleted transaction and the assumption of the rent by the defendant was a
material part of the consideration.  The question of title or interest in real
estate was no more involved than if it had been a suit to recover the
consideration for real estate transferred by deed, for which it is well
established assumpsit will lie.

On motion for new trial by defendant.   Motion overruled.

This is an action of assumpsit, upon an account annexed to the
writ to recover the sum of $533.32, paid by plaintiffs for defendant
at his request for rent of building on College Avenue in Waterville,
for four months from May 1, 1912.   The plaintiffs leased, in writ-
ing, of the Waterville Motor Company said premises for the term
of three years, from September 1, 1911, at a rental of $1600 per
year.   On the 22d day of April, 1912, the plaintiffs transferred all
their right, title and interest in said lease to the defendant, the
consideration being the payment of said rent to said plaintiffs; or,
as a matter of convenience, to said Waterville Motor Company.
The agreement by the defendant to pay said rent was not in writing.
The plea was the general issue and brief statement invoking the
Statute of Frauds.

The jury rendered a verdict for the plaintiff for $533.32, and the
defendant filed a general motion for a new trial.

The case is stated in the opinion.

*F. P. Pride,* for plaintiffs.

*Henry H. Sawyer,* for defendant.

SITTING: SAVAGE, C. J., SPEAR, CORNISH, BIRD, HALEY, PHIL-
BROOK, JJ.

SPEAR, J. This is an action of assumpsit in which the plaintiffs
seek to recover of the defendant the sum of $533.32. The declara-
tion contains an account for money had and received and an omni-
bus count. The account annexed is as follows: "Moxley Blumen-
burg to J. W. Knight, A. L. Knight and Otis Trafton, Dr., for
money paid by the plaintiffs for the use of said defendant, at his
request, for four months' rent from May 1st, 1912, to September
1st, 1912, paid to Waterville Motor Company, under lease to said
plaintiffs and assigned by them to said defendant, which the defend-
ant assumed and agreed to pay, but which the defendant did not pay
and the plaintiffs were obliged to pay by operation of law and by
the condition of the consent to the assignment, by the lessor.
$533.32."

The case grows out of the following facts: On the 11th day of
April, 1911, the Waterville Motor Company, a corporation, leased
to J. W. Knight, A. S. Knight and Otis Trafton, the plaintiffs, the
second story of a brick block to be erected by the lessor on College
Avenue in the city of Waterville.

The lease was to begin October 1, 1911. April 22, 1912, was
entered upon the lease an endorsement in writing by the lessor of
permission to the lessees to assign the lease to Moxley Blumenburg,
the defendant, but not releasing the lessees for the rent. On the
same day the lessees in writing assigned to the defendant all their
right, title and interest in the lease. April 23rd a supplemental
agreement, with reference to certain improvements and changes,
was made between the lessor and the original lessees, and on the
same day assigned in writing to the defendant. The consideration
expressed in the assignment of the lease was one dollar. But the
rent on the premises was at the rate of $1600 a year, which the
plaintiffs contend the defendant assumed and agreed to pay to
them, and for the sake of convenience, pay it directly to the Motor
Company. This he omitted to do and the plaintiffs, not being
released from liability, were legally obliged to pay the rent for May,
June, July and August. Upon this issue the plaintiffs offered evi-
dence to prove the alleged oral agreement on the part of the

defendant to pay the rent to them by paying it directly to the lessor, as a matter of convenience. The jury found the issue in favor of the plaintiffs, which must be regarded as having established the fact of such an agreement. But the defendant, even admitting the agreement, says it was not in writing and therefore within the statute of frauds, which he has pleaded.

It is not in controversy that the plaintiffs paid the Motor Company $533.32 for four months' rent, which the defendant agreed to pay, as found by the jury. Accordingly, the only question is, was the agreement within the statute of frauds? Clearly it was not. The transfer of the premises by the assignment of the lease was a completed transaction. The assumption of the rent by the defendant was a material part of the consideration. All that remained to be done was the payment of the rent by the defendant, as he had agreed to do. The question of title or interest in real estate was no more involved than if it had been a suit to recover the consideration for real estate transferred by a deed, for which, it is well established assumpsit will lie.

Nor upon the facts presented do we think the verdict can be disturbed. The jury saw and heard all the witnesses, and passed upon their credibility, and the value of their testimony, and must have been afforded a better opportunity to arrive at a proper conclusion, than can be afforded the court from the cold type of the record.

*Motion overruled.*